# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-1992
Filed April 1, 2026

————————

**In the Interest of A.C., Minor Child,**

**S.C., Mother,**
Appellant.

————————

Appeal from the Iowa District Court for Jasper County,
The Honorable Steven J. Holwerda, Judge.

————————

**AFFIRMED**

————————

Meegan M. Keller of Keller Law Office, Altoona, attorney for appellant
mother.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney
General, attorneys for appellee State.

Ling Harl of Harl Law PLLC, Ankeny, attorney and guardian ad litem for
minor child.

————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

A mother appeals the termination of her parental rights to a child, arguing termination is not in the child's best interests, and alternatively, that a permissive exception to termination should apply. We affirm.

## BACKGROUND FACTS AND PROCEDURE

This case arises from a child-in-need-of-assistance (CINA) case and subsequent termination-of-parental-rights proceeding involving A.C., born in February 2020. The family first came to the attention of the Department of Health and Human Services in September 2024 due to concerns relating to the mother's substance use and her ability to safely care for the child. At that time, the mother had been unsuccessfully discharged from substance-use treatment, was reportedly continuing to use illegal substances, and had left the child in the care of the maternal grandmother while her own whereabouts were unknown.

The child was removed from the mother's custody that month and placed in the father's custody, where she has remained throughout these proceedings. The State filed a CINA petition shortly thereafter, and the child was adjudicated in need of assistance in November 2024. At disposition in January 2025, the juvenile court continued the child's placement in the father's custody. The mother was permitted supervised visitation and required to participate in services, including substance-use evaluation and treatment, drug testing, and other rehabilitative support.

Over the ensuing months, the mother was offered visitation and the aforementioned services aimed at reunification. Despite these efforts, her participation was inconsistent. She did not successfully complete recommended substance-use treatment, failed to appear for requested drug

2

testing, and maintained only sporadic contact with both the child and service providers. Visitation never progressed beyond a supervised setting. The case proceeded through periodic review hearings in March and July, followed by a permanency hearing in September. In October, the State filed a petition seeking termination of the mother's parental rights under Iowa Code section 232.116(1) (2025).[1]

The termination hearing was held on October 31. The mother appeared with counsel. The court heard testimony from the assigned social worker and the mother. The juvenile court received several exhibits into evidence. At the time of the hearing, the mother was incarcerated on drug-related charges and had not engaged in treatment, although she indicated an intention to reenter treatment.

On November 10, the juvenile court entered an order terminating the mother's parental rights under Iowa Code section 232.116(1)(d), (e), (f), and (g), finding that the statutory grounds for termination were established, that termination was in the child's best interests, and that no permissive exception should be applied. The court further ordered that the child remain in the father's custody under departmental supervision. The mother filed a notice of appeal on November 24, seeking reversal of the termination order. Although the petition on appeal was filed one day after the jurisdictional deadline, the supreme court granted a delayed appeal upon finding the delay was negligible and not attributable to the mother.

---

[1] The petition did not specify which subsections of section 232.116(1) that the State was seeking termination under but did allege facts supporting termination.

**ON APPEAL, THE MOTHER CHALLENGES WHETHER TERMINATION WAS IN THE CHILD'S BEST INTERESTS AND CONTENDS THE JUVENILE COURT SHOULD HAVE DECLINED TERMINATION IN FAVOR OF ALTERNATIVE PERMANENCY OPTIONS, INCLUDING CONTINUED PLACEMENT IN THE FATHER'S CUSTODY.STANDARD OF REVIEW**

We review termination-of-parental-rights proceedings de novo. *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021). While not binding on us, we give weight to the juvenile court's fact findings, "particularly with respect to credibility determinations." *Id.*

## DISCUSSION

The juvenile court follows a three-step analysis in determining the merits for terminating a parent's rights. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). First, it considers whether statutory grounds for termination of the parent's rights exist under Iowa Code section 232.116(1). *Id.* Second, it looks to whether termination of the parent's rights is in the child's best interests. *Id.* Third, it considers whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.* If the parent does not challenge every step on appeal, we need not address any unchallenged step and instead will limit our review to the specific claims presented. *See id.* at 40. Here, the mother does not challenge the statutory grounds for termination, so we do not address that step.

Because the mother only challenges the juvenile court's best-interests determination, we limit our discussion to that issue. To determine whether termination of parental rights is in the best interests of a child, we must "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the

physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "We also look to the child's long-range as well as immediate interests. . . . [W]e look to the parents' past performance because it may indicate the quality of care the parent is capable of providing in the future." *In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020) (cleaned up).

Upon reviewing the record, we find that termination was in the child's best interests. This finding is supported by the record, including the child's thirteen-month removal with no trial home placements, the mother's continued illegal drug use, unsuccessful discharges from both outpatient and inpatient treatment, seven missed drug screens, incarceration at the time of hearing, sporadic supervised-only visitation, unstable housing, periods of unknown whereabouts, and the caseworker's testimony that the child could not be returned to the mother then or within six months.

To the extent the mother is arguing a permissive exception exists under section 232.116(3)(a) because the father has custody of the child, we are likewise unpersuaded. The juvenile court found:

> Although the Court could exercise this right in this case under Section 232.116(3)(a) (a relative has legal custody of the child), it declines to do so. It is clear that the mother cannot provide for the child anytime in the foreseeable future. The father, by himself, has provided stability for this child for the past thirteen months, and the child is doing well. The Court will not deprive the child of this continued stability, which can only be accomplished if the mother ceases to be the child's legal parent.

We agree with the juvenile court.[2] Although the father retained custody of A.C. and the child demonstrated stability and well-being in the father's

---

[2] To the extent the mother relies on Iowa Code section 232.116(3)(c)—"clear and convincing evidence that the termination would be detrimental to the child . . . due to the closeness of the parent-child relationship"—we conclude that any bond the mother shares

home, the mother's ongoing inability to provide care means termination of her rights should not "be countermanded by the ability and willingness of a family relative to take the child." *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018) (citation omitted).

In sum, the juvenile court correctly found statutory grounds for termination existed, properly determined termination served the child's best interests, and soundly declined to apply permissive exceptions; its order terminating the mother's parental rights and maintaining the child in the father's custody under protective supervision is affirmed.

**AFFIRMED.**

---

with the child is not enough to preclude termination because of her inability to address the issues that led to the child's removal.